IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE BRISCOE<br>9903 Nicol Court West<br>Mitchellville, Maryland  20721 | * <br><br>* | |
| Plaintiff, | * | |
| v. | * | Civil No.  1:15-cv-00512 |
| VERIZON<br>1095 Avenue of the Americas<br>New York, New York  10036 | *<br><br>* | |
| And | * | |
| JACOB J. LEW, SECRETARY<br>U.S. DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, DC  20220 | *<br><br>*<br><br>* | |
| Defendants. | * | **JURY TRIAL DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Maurice Briscoe ("Plaintiff" or "Mr. Briscoe"), by and through his attorneys, A. Donald C. Discepolo, Andrew J. Toland III, Tonya Baña and Discepolo LLP, brings this action against Defendants Verizon Communications Inc. ("Verizon") and Secretary of the United States Department of the Treasury ("Treasury") Jacob J. Lew (the "Secretary" or "Mr. Lew") (collectively, "Defendants"), pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000(e), *et seq.,* as amended ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), and in support thereof states as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action to redress race-based discrimination by his former employers. Plaintiff is seeking declaratory and injunctive relief, back pay, front pay, compensatory and punitive damages, pre-judgment and post-judgment interest and attorney's fees, costs and expenses relating to this action.

## PARTIES

2. Plaintiff Maurice Briscoe is an African-American or Black individual who resides in Prince George's County, Maryland.

3. Defendant Verizon Communications, Inc. is a non-resident corporation organized and existing under the laws of the State of Delaware. Verizon is a global telecommunications company that provides voice and data services throughout the State of Maryland. Verizon's principal place of business is located in the State of New York.

4. Defendant Jacob J. Lew ("Secretary Lew") is the Secretary of the United States Department of the Treasury, which has a principal place of business in Washington, DC. Mr. Lew is sued in his official capacity.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331 because this action is brought pursuant to Title VII and Section 1981, which are federal statutes. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Mr. Briscoe resides in this District and Defendants are subject to personal jurisdiction in this District.

## CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

6. Mr. Briscoe has satisfied all administrative prerequisites and conditions precedent to instituting this action. In particular, Mr. Briscoe fulfilled the prerequisites to bringing a

lawsuit pursuant to Title VII by filing a charge of discrimination against Verizon on or about April 14, 2014 and obtaining a Notice of Right-to-Sue from the U.S. Equal Employment Opportunity Commission (the "EEOC") on or about November 24, 2014, and initiating an EEO complaint against Treasury on or about August 27, 2014 and obtaining the agency's Final Decision on or about December 5, 2014.

## STATEMENT OF FACTS

7. Automated Resource Management Associates, Inc. ("ARMA") hired Plaintiff to work for Treasury as a Telecommunications Technician on or about June 10, 1996. Since approximately September 22, 2008, Plaintiff worked at Treasury pursuant to a contract between ARMA and Verizon, which hired ARMA and other contractors and subcontractors to fill positions Verizon was responsible for staffing.

8. For about the last ten (10) years, the contractors and subcontractors who provide telecommunications services for Treasury have been overseen by Michael Hough, who is a Service Manager in the Departmental Offices ("DO") Office of the Chief Information Officer ("OCIO"). Mr. Hough was also in charge of the Department's Digital Telecommunications Service ("DTS") program (now the Department's Enterprise Voice program), which recently transitioned from a 5E central office switch to a Voice Over Internet Protocol ("VOIP") system.

9. Although ARMA was Plaintiff's direct employer, both Defendants were Plaintiff's joint employers because they made all decisions concerning when, where and how Plaintiff performed his job, including determining his job assignments and whether he received overtime. In addition, Treasury furnished Plaintiff's office space and laptop, and Plaintiff worked on Treasury's premises and had a continuing relationship with Treasury.

10. On September 30, 2013, Plaintiff's employment was terminated as part of a reduction in force.

11. Shortly thereafter, Plaintiff initiated an EEO complaint with the District of Columbia's Office of Human Rights ("OHR") against Verizon and ARMA alleging that his termination was discriminatory on the basis of race.

12. During OHR's investigation, Treasury, Verizon, and ARMA provided conflicting information concerning how employees were selected for layoff. More specifically, while Verizon and ARMA both told OHR that Treasury chose the individuals to be laid off, Mr. Hough claimed he merely told Verizon the number of contract support positions Treasury could fund in the upcoming year and Verizon decided which employees to lay off. Notably, Plaintiff learned that Verizon and ARMA claimed Treasury selected him for layoff on or about August 27, 2014, and initiated contact with a Treasury EEO Counselor the same day.

13. In addition, an ARMA employee who was interviewed as a witness in OHR's investigation claimed that one of the Treasury employees who was involved in deciding which contract Telecommunications Technicians would be laid off had a history of always giving overtime to the White Telecommunications Technicians, but not the Black Telecommunications Technicians. This witness also corroborated that Plaintiff was qualified to work at any location and with all of the new technologies and indicated that he believed Plaintiff was selected for layoff because of his race.

14. Further, both OHR and Treasury's Office of Civil Rights and Diversity found that all seven (7) of the Telecommunications Technicians who were released in the timeframe they examined were Black while all five (5) of the Telecommunications Technicians who were retained were White.

15. Throughout Plaintiff's employment, he consistently performed as well or better than other similarly situated White Telecommunications Technicians who were retained.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000, et seq., AS AMENDED AGAINST BOTH DEFENDANTS

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

17. Defendants intentionally discriminated against Plaintiff by terminating him based on his race in violation of Title VII.

18. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic harm, including loss of compensation, wages, back pay, front pay, and other employment benefits, as well as emotional harm, anguish and humiliation.

19. Because of the racial discrimination Plaintiff suffered as a result of his employment with Defendants, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST VERIZON

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

21. Defendant Verizon's conduct as described herein constitutes intentional discrimination on the basis of race with respect to the making, performance, modification and/or termination of contracts and the benefits, privileges, terms, and conditions of the contractual relationship.

22. Because of the racial discrimination Plaintiff suffered as a result of his employment with Verizon, Plaintiff is entitled to all legal and equitable remedies available under Section 1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaratory judgment that Defendants' employment policies, practices and/or procedures challenged herein are illegal and in violation of Title VII;

B. A permanent injunction against Defendants, their agents, employees and/or representatives, and any and all persons acting in concert with them, prohibiting them from engaging in any further unlawful practices, policies, customs, usages and race discrimination as set forth herein;

C. An Order requiring Treasury to initiate and implement programs that (1) will provide equal employment opportunities for African-American employees; (2) will remedy the effects of Defendants' past and present unlawful employment policies, practices and/or procedures; and (3) will eliminate the continuing effects of the discriminatory practices described above;

D. An award of back pay, front pay, lost benefits, and other damages for lost compensation and job benefits suffered by Plaintiff in an amount to be determined at trial;

E. Any other equitable relief to which Plaintiff is entitled;

F. An award of compensatory damages to Plaintiff in an amount not less than $500,000.00, together with appropriate punitive damages from each Defendant in an amount to be determined at trial;

G. An award of litigation costs and expenses, including reasonable attorneys' fees, to Plaintiff;

H. Pre-judgment and post-judgment interest; and

I. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/
_____
Tonya Baña  (Bar No. 27326)
Tonya@discepolollp.com
DISCEPOLO LLP
111 S. Calvert Street, Suite 1950
Baltimore, MD 21202
Telephone: (410) 296-0780
Telefax: (410) 296-2263
*Attorneys for Plaintiff*